FILED

DEC 04 2019

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 19-88-BLG-SPW-2 |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| BYRNE MARTIN MESTAS, | |
| Defendant. | |

Before the Court is Defendant Byrne Martin Mestas's pro se motion to order detention hearing (Doc. 59), pro se motion of habeas corpus: asking the court to order 180-day furlough to receive proper medical care (Doc. 60) and pro se motion to support granting of 180 day medical furlough (Doc. 61). Mestas is represented by counsel. (Doc. 27). The Court will not address Mestas's pro se motions because he has not received permission from the Court to engage in hybrid representation.

A defendant has the right to represent himself in a criminal trial and the right

1

to the assistance of counsel. *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir.1978) (citations omitted). However, "a criminal defendant does not have an absolute right to both self-representation *and* the assistance of counsel." *United States v. Bergman*, 813 F.2d 1027, 1030 (9th Cir. 1987) (emphasis in original). In other words, "the right to counsel and the right to proceed pro se exist in the alternative." *United States v. LaChance*, 817 F.2d 1491, 1498 (11th Cir.1987); *see also Locks v. Sumner*, 703 F.2d 403, 407-08 (9th Cir.1983). Although a court may grant permission for hybrid representation, the decision to do so "rests in the sound discretion of the trial court." *Bergman*, 813 F.3d at 1030.

By filing his motions pro se, Mestas engages in hybrid representation without first seeking the Court's permission. Under such circumstances, "[a] district court has no obligation to entertain pro se motions filed by a represented party." *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001). The Court declines to consider Mestas's motions. *See*, e.g., *id.* at 685 (noting that the district court did not err when it denied a represented defendant's pro se motion without considering its contents); see also *United States v. Tracy*, 989 F.2d 1279, 1285 (1st Cir.1993) ("A district court enjoys wide latitude in managing its docket and can require represented parties to present motions through counsel. The district court did not abuse its discretion in refusing to consider [the defendant's] unsigned, pro

se motions.").

Accordingly, IT IS HEREBY ORDERED that Mestas's pro se motion to order detention hearing (Doc. 59), pro se motion of habeas corpus: asking the court to order 180-day furlough to receive proper medical care (Doc. 60) and pro se motion to support granting of 180-day medical furlough (Doc. 61) are DENIED.

DATED this 4th day of December, 2019.

SUSAN P. WATTERS
DISTRICT JUDGE